IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYLAN SANCHEZ, | : | Civil No. 3:21-cv-115 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| TINA LITZ, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Dylan Sanchez ("Sanchez"), an inmate confined at the Lebanon County Correctional Facility ("LCCF"), in Lebanon, Pennsylvania, initiated this action pursuant to the 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Tina Litz, who was employed by LCCF as the deputy warden of treatment at all relevant times,[1] and PrimeCare Medical Inc. ("PrimeCare"). (Id.). Presently pending before the Court is a motion (Doc. 22) to dismiss by Defendant Litz and a motion (Doc. 25) for judgment on the pleadings by Defendant PrimeCare. For the reasons set forth below, the Court will grant the motions, dismiss the complaint, and grant Sanchez leave to file an amended complaint.

## I.   Factual Background & Procedural History

Sanchez alleges that he contracted COVID-19 while incarcerated at the Lebanon County Correctional Facility. (Doc. 1). Specifically, he alleges that he was exposed to and

---

[1]   Litz has since been promoted to Warden of LCCF.

subsequently contracted COVID-19 due to unsafe protocols and "mingling of contagious inmates with other inmates." (*Id.* at p. 2). Sanchez asserts that he tested positive for COVID-19 on January 4, 2021. (*Id.* at p. 1). He alleges that COVID-19 triggered asthma complications and that the medical department failed to treat his medical conditions. (*Id.* at p. 2). For relief, Sanchez seeks monetary damages. (*Id.* at p. 3).

Defendant Litz moved to dismiss the complaint on April 8, 2021, and Defendant PrimeCare moved for judgment on the pleadings on April 13, 2021. (Docs. 22, 25). Sanchez failed to respond to the motions and the time for responding has now passed.[2] Therefore, the motions are deemed unopposed and ripe for resolution.

## II. Defendant Litz's Motion to Dismiss

### A. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

---

[2] Sanchez was directed to file briefs in opposition to Defendants' motions and was admonished that failure to file opposition briefs would result in Defendants' motions being deemed unopposed. (Doc. 27) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

2

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## B.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. A plaintiff must establish the particulars of conduct, time, place, and the person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of, or personal involvement in, the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207.

Sanzhez makes no allegations as to how Defendant Litz was personally involved in the alleged violation of his rights. With respect to Defendant Litz's supervisory role as Warden, "there are two theories of supervisory liability, one under which supervisors can be

5

liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted). Completely absent from the complaint are allegations that Defendant Litz established and maintained a policy, practice or custom which directly caused the constitutional harm, or that she participated in violating Sanchez's rights, directed others to violate them, or acquiesced in any unconstitutional conduct by her subordinates.

Additionally, for purposes of Eighth Amendment medical claims, nonmedical staff may not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically based Eighth Amendment claims. *See, e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 236-37 (3d Cir. 2004) (citing *Durmer*, 991 F.2d at 69); *Garvey v. Martinez*, No. 08- 2217, 2010 WL 569852, at \*6-7 (M.D. Pa. 2010); *Hodge v. United States*, No. 06-1622, 2007 WL 2571938, at \*5-6 (M.D. Pa. 2007). Warden Litz is not a trained member of

the medical staff subject to liability for an Eighth Amendment claim. See *Spruill*, 372 F.3d at 236; *Durmer*, 991 F.2d at 69.

Based on the above, Defendant Litz's motion to dismiss will be granted based on a lack of personal involvement.

### III.   Defendant PrimeCare's Motion for Judgment on the Pleadings

#### A.   Legal Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). To succeed on a motion for judgment on the pleadings, a movant must show "there are no material issues of fact, and he is entitled to judgment as a matter of law." *Id.* (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). When deciding a motion for judgment on the pleadings, a court must accept the non-moving party's factual allegations as true and draw all reasonable inferences in the non-moving party's favor. *Id.* at 418. Additionally, when ruling on motion for judgment on the pleadings, the court reviews the complaint, answer, and any written instruments and exhibits attached to the pleadings. *2 Moore's Fed. Practice Civil* § 12.38 (2004).

## B.    Discussion

PrimeCare, as a private entity contracted by a prison to provide health care for inmates, cannot be held liable for the acts of its employees under *respondeat superior* or vicarious liability. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). To hold PrimeCare liable, Sanchez "must provide evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d at 584 (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)). A plaintiff can establish causation by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407. Sanchez wholly fails to meet his burden concerning a relevant PrimeCare policy or custom that caused a constitutional violation. PrimeCare is entitled to judgment on the pleadings.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Leave to amend is appropriate here because Sanchez's claims are factually, rather than legally, deficient.

### V.    Conclusion

Based on the foregoing, the Court will grant Defendant Litz's motion (Doc. 22) to dismiss and Defendant PrimeCare's motion (Doc. 25) for judgment on the pleadings, and grant Sanchez leave to file an amended complaint.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: November 3, 2021